J. W. WILLCOX AND WIFE, CORRINNE A. WILLCOX, v. MARY ADALINE COOK CRESCIMANNO DI CAPADARSO AND HUSBAND, CRESCIMANNO DI CAPADARSO.

(Filed 7 November, 1956.)

**1. Abatement and Revival § 14½—**

Where damages and injunctive relief are sought in an action for trespass to try title, the conveyance of the land by the plaintiffs after institution of the action by deed exempting the *locus in quo* from the warranty does not work an abatement, since plaintiffs are entitled to prosecute the action to final judgment in respect to the damages alleged.

**2. Appeal and Error § 3—**

An appeal will not lie from the overruling of a demurrer for failure of the complaint to state a cause of action. Rule of Practice in the Supreme Court No. 4(a).

**3. Abatement and Revival § 14½ : Injunctions § 8—**

Where, after the institution of the action, plaintiffs convey the property, the temporary order issued at their instance in connection with their use of the land must be vacated and the costs of appeal taxed against them, since they no longer have any property rights to be protected by the injunction.

JOHNSON, J., not sitting.

APPEAL by defendants from orders entered in Chambers on 8 September, 1956, in action pending in MOORE Superior Court, by *McKeithen, Special Judge,* residing in the Twentieth Judicial District.

The amended complaint, in substance, alleges:

A 27-foot alley or roadway lies between the described land of plaintiffs and that of defendants, which roadway provides access to plaintiffs' garage and generally to the rear of plaintiffs' residence premises. Plaintiffs and their predecessors in title have used the roadway under claim of right and under color of title continuously and openly since 1934. Plaintiffs, under their deed, own in fee simple a portion of said 27-foot roadway, to wit, a strip two feet wide along the northwest boundary thereof. Plaintiffs, under their deed and also by adverse user, own an easement vesting in them the right to use the remaining twenty-five feet for roadway purposes.

On 5 May, 1956, defendants unlawfully constructed upon plaintiffs' land, to wit, approximately along the northwest line of said 27-foot roadway, a mesh wire fence about four feet high, nailed to trees, thereby preventing plaintiffs' use of said roadway as a means of access to their garage and premises. Plaintiffs have been damaged by defendants' wrongful acts: (1) on account of damages to their property by defendants' trespass thereon; (2) on account of loss of use of said roadway as a means of access thereto; and (3) because a purchaser of plaintiffs' property, by reason of defendants' conduct, refused to accept plaintiffs' tendered deed therefor.

Plaintiffs prayed: (1) that they be declared the owners of an easement in and to said 27-foot roadway; (2) for an injunction requiring immediate removal of the fence and enjoining further obstruction of said roadway; (3) for damages and costs.

Defendants demurred on the ground that the amended complaint did not state facts sufficient to constitute a cause of action.

The court below in separate orders overruled defendants' demurrer and granted injunctive relief. In respect of such injunctive relief the court ordered that, pending the final determination of the action, defendants immediately remove said fence; and defendants were enjoined from obstructing said 27-foot roadway or interfering with plaintiffs' use thereof. Defendants excepted to each order and appealed.

WILLCOX *v*. DI CAPADARSO.

*Rowe & Rowe for plaintiffs, appellees.*
*H. F. Seawell, Jr., for defendants, appellants.*

PER CURIAM. Defendants have filed in this Court a motion to dismiss plaintiffs' action. Attached to said motion is a photostatic copy of a deed dated 10 September, 1956, filed for registration 18 September, 1956, and duly registered in the Moore County Registry, whereby the plaintiffs herein conveyed the lands allegedly owned by them when this action was commenced to Benson C. McWhite and Tobitha L. McWhite, in fee simple. In this deed, after the usual covenants of warranty, it is expressly provided: "The warranties contained in this Deed do not apply to nor cover alley or right-of-way adjoining the property herein conveyed on its southeast side."

It is noted that, although plaintiffs alleged ownership in fee of the 2-foot strip embraced therein, plaintiffs' allegations are to the effect that the entire twenty-seven feet constitute the alleged alley or roadway between the adjoining properties.

Thus, it appears affirmatively that plaintiffs do not now own the land described in the amended complaint or an easement in said 27-foot roadway; that they are not obligated by warranty in respect of said roadway; and that, since their said conveyance to the McWhites, they have had no legal interest either in said land or in said roadway. Even so, this does not work a discontinuance of plaintiffs' right to prosecute this action to final judgment in respect to such damages, if any, as plaintiffs may have sustained by defendants' alleged wrongful acts. Therefore, defendants' motion in this Court to dismiss plaintiffs' action is denied.

Defendants had no right of appeal from the order overruling their demurrer. Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766. Defendants' exception thereto has been noted; and, if properly brought forward, will be considered by this Court in the event of an appeal by defendants from an adverse final judgment.

Defendants had the right to appeal from the order granting injunctive relief, both mandatory and prohibitory; but, since plaintiffs no longer have property rights affected by the injunction, such order of injunction, whether correct or incorrect when entered, must be vacated and the costs of this appeal taxed against plaintiffs.

In their brief, *plaintiffs* state that "The sale took place about a week after the injunction was issued," and further that "the purchaser intends to be added as a party plaintiff in this case but has not done so." *Quaere:* If the purchaser should desire to proceed, would the proper procedure be by independent action rather than as an additional party plaintiff herein? Suffice it to say, nothing herein bears upon the rights, if any, of the McWhites.

Upon certification of this opinion, and after answer filed by defendants, the case will stand for trial in so far as it relates to damages, if any, recoverable by plaintiffs on account of defendants' alleged wrongful conduct.

The order of injunction is vacated and the cause remanded for further proceedings in accordance with this opinion.

Order of injunction vacated and cause remanded.

JOHNSON, J., not sitting.